IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

**MARSHALL IRWIN WILLIAMS**                                                                 **PLAINTIFF**

v.                                    No: 3:19-cv-00095 KGB-PSH

**KEITH BOWERS,** *et. al*                                                                          **DEFENDANTS**

## PROPOSED FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following Recommendation has been sent to United States District Judge Kristine G. Baker. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

### I. Introduction

Plaintiff Marshall Irwin Williams filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 on April 10, 2019, while incarcerated at the Craighead County Detention Center ("CCDC"). Doc. No. 2. Williams complained of moldy and unsanitary sleeping mats that did not provide adequate support and caused back pain. *Id.* Williams also complained about racial bias. *Id.* Williams was instructed to, and did, file two amended complaints. Doc. Nos. 4 & 6. In his second amended complaint, Williams complained about black mold on sleeping mats, eating trays, insulation, the ceiling, the bunks, and in the restroom and shower area. Doc. No. 6 at 4. He described resulting injuries from the mats and mold exposure such as low back pain, headaches, dizziness, and

difficulty breathing. *Id.* at 6. The Court recommended that Williams be allowed to proceed with his mold claims, and that his claims of racial bias be dismissed.[1] Doc. No. 7. Service was ordered and obtained on the defendants. Doc. Nos. 8, 9 – 11.

On September 11, 2019, defendants Bowers, Boyd, and Raymond filed a motion for summary judgment, a brief in support, and a statement of facts claiming that Williams had not exhausted his claims against them before he filed this lawsuit. Doc. Nos. 22-24. Despite the Court's order notifying Williams of his opportunity to file a response and statement of disputed facts, Williams did not do so. Doc. No. 25. Because Williams failed to controvert the facts set forth in defendants' statements of undisputed facts, Doc. No. 24, those facts are deemed admitted. *See* Local Rule 56.1(c). The defendants' statement of facts, and the other pleadings and exhibits in the record, establish that the material facts are not in dispute and that defendants are entitled to judgment as a matter of law.

## II.  Legal Standard

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is proper if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits or declarations, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. FED. R. CIV. P. 56; *Celotex v. Catrett*, 477 U.S. 317, 321 (1986). When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party. *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002). The nonmoving party may not rely on allegations or denials, but must demonstrate the existence of specific facts that create a genuine issue for trial.

---

[1] The order also recommended that defendant Brown, identified as the maintenance supervisor, be dismissed because Williams made no allegations that Brown was involved in any violation of his constitutional rights (Doc. No. 7).

*Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007). The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy. *Id.* (citations omitted). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case. *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012). Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment. *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

### III. Analysis

The Prison Litigation Reform Act (PLRA) requires an inmate to exhaust prison grievance procedures before filing suit in federal court. *See* 42 U.S.C. § 1997e(a); *Jones v. Bock*, 549 U.S. 199, 202 (2007); *Jones v. Norris*, 310 F.3d 610, 612 (8th Cir. 2002). Exhaustion under the PLRA is mandatory. *Jones v. Bock*, 549 U.S. at 211. The PLRA's exhaustion requirement applies to all inmate suits about prison life whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. *Porter v. Nussle*, 534 U.S. 516, 532 (2002). The PLRA does not, however, prescribe the manner in which exhaustion occurs. *See Jones v. Bock*, 549 U.S. at 218. It merely requires compliance with prison grievance procedures to properly exhaust. *See id.* Thus, the question as to whether an inmate has properly exhausted administrative remedies depends on the grievance policy of the particular prison where the alleged events occurred. *See id*.

Defendants argue that they are entitled to summary judgment because Williams failed to exhaust his administrative remedies before he filed this lawsuit. *See* Doc. No. 23. In support of their motion for summary judgment, defendants submitted an affidavit by Assistant Jail

3

Administrator Todd Harrell (Doc. No. 24-1); Williams' Arrest and Booking Sheet (Doc. No. 24-2); grievances and requests filed by Williams during his incarceration at CCDC (Doc. No. 24-3); and a copy of the CCDC's grievance policy (Doc. No. 24-7).

The CCDC has a grievance procedure in place for inmates to complain about alleged constitutional violations, including, but not limited to, those concerning the conditions of confinement.  Doc. No. 24-7 at 5-6.  That policy requires an inmate who wishes to express a grievance to complete a CCDC complaint form clearly describing all relevant facts and requests.  That form is to be delivered to any staff member for delivery to the jail administrator or his designee promptly.  The policy further requires grievances to be reviewed immediately upon receipt to determine urgency.  Absent an emergency, grievances are to be investigated and resolved within a reasonable time.  *Id.*  The inmate is to be informed of the disposition of a non-emergency grievance within ten working days.  An inmate may appeal any response to the sheriff, who is required to respond in writing.  Finally, all grievances and responses are required to be placed in the inmate's jail file.  *Id.*

The defendants submitted a record of the grievances and requests Williams filed while he was incarcerated at CCDC.  *See* Doc. No. 24-3.  During the approximately 9 months Williams was jailed at the CCDC, he submitted 82 grievances and/or requests for information.  None of those grievances or requests complained about or mentioned moldy and unsanitary conditions, mats that did not provide adequate support and caused back pain, headaches, dizziness, or difficulty breathing.[2]  *Id.*  Williams has not filed a response refuting the facts or records relied on by the defendants in support of their motion. The Court therefore finds that Williams did not exhaust

---

[2] Additionally, Williams did not submit any medical requests informing the CCDC of injuries related to the claims in his lawsuit.  Doc. No. 24-1 at 2.

4

available administrative remedies before he filed this lawsuit, and the defendants are entitled to summary judgment. Williams' claims should be dismissed without prejudice.

## IV. Conclusion

Williams did not exhaust available administrative remedies before initiating this lawsuit. Accordingly, the defendants are entitled to summary judgment, and Williams' claims should be dismissed without prejudice.

DATED this 1st day October, 2019.

_____
UNITED STATES MAGISTRATE JUDGE